Nov. Term, 1855.

7 227
126 403

CASH
v.
THE AUDI-
TOR OF
CLARK Co.

## CASH v. The Auditor of *Clark* County.

Action to recover a penalty for a violation of the law of 1852 concerning pilots at the falls of the *Ohio.* It was proved that the defendant piloted a boat not his own, and of which he was not the navigator, over the falls, without a license from the governor. There was a licensed pilot on board, however; but he acted merely as steersman, under the direction of the defendant. *Held,* that the defendant was liable to the penalty.

Public policy requires that the law in question should be strictly enforced.

The penalty fixed by statute for piloting a boat over the falls of the *Ohio* in contravention thereof, is 20 dollars. In an action to recover such penalty, the Court, to whom the cause was submitted for trial, found for the plaintiff, but did not formally assess the damages. Judgment for the penalty. *Held,* that the judgment was right.

The Supreme Court will take notice judicially of the geographical position of the falls of the *Ohio,* and of the fact that there are no other falls in this state for which pilots are appointed.

A statute is not unconstitutional as being local, where its subject matter is local.

APPEAL from the *Clark* Court of Common Pleas.

*Tuesday, December* 11.

PERKINS, J.—Suit by the auditor of *Clark* county against *Cash,* to recover a penalty alleged to have been incurred by the latter in violating the provisions of an act regulating the licensing of pilots at the falls of the *Ohio* river. The suit was commenced before a justice of the peace. In the Common Pleas it was submitted upon the following agreed case:

" Defendant [*Cash*] is, and has been for several years past, a citizen of the state of *Indiana,* and was a duly appointed pilot, at the falls of the *Ohio* river, under the acts of the general assembly of said state passed prior to the 15th day of *June,* 1852. On the 28th day of *April,* 1853, the governor of said state licensed, for the term of four years, eight pilots at the falls of the *Ohio.* Said pilots filed bonds in pursuance of law, before the 10th of *May,* 1853.

" The defendant is not a licensed pilot under the act of *June* aforesaid. This fact was well known to the owner of the boat who appointed defendant his agent and authorized him to conduct and pass his boats over the falls of the *Ohio.*

Nov. Term,
1855.

Cash
v.
The Audi-
tor of
Clark Co.

"Said defendant did, in company with one of said pilots, conduct and pass said flat-boat over said falls about the 10th day of *May*, 1853. Said defendant was not an owner of said boat, nor was he the navigator thereof, further than his taking said boat over the falls rendered him such navigator.

"Said defendant took said boat from the *Indiana* shore. He was at the time a licensed pilot between *Jeffersonville* and *New-Albany*, under the act of congress.

"There was an agreement between the said defendant and said licensed pilot, that each should accompany the other in any boats that either should have to take over the falls, and divide the compensation. Said defendant acted as pilot in conducting said boat, and said pilot acted as steersman thereof. In taking said boat over the falls, defendant stood at the bow of the boat and gave directions as to how said boat should be steered, which directions were obeyed by said licensed pilot, who was acting as steersman. It is the custom for pilots to employ a steersman, to whom they give directions for the steering of the boat, they, such pilots, standing upon the bow, and not themselves steering the boat in their charge.

"The defendant charged and expects to receive a compensation from the owner of said boat for his services as aforesaid.

"The owner of said boat lives on the 'upper *Ohio*.'

"The Court found, upon this agreed case, for the plaintiff, whereupon the defendant moved for a new trial, assigning as reasons therefor—1. That the finding of the Court was not supported by the evidence; 2. That the finding of the Court should have been in favor of the defendant. But the Court overruled the motion and rendered judgment in favor of the plaintiff [for 20 dollars], and the defendant excepted, &c. *Amos Levering*, [seal]."

We have not been able to learn that congress, under the power to regulate commerce, has adopted any general system of pilotage to the exclusion of the regulations of the states, and counsel do not make the point in their

Nov. Term.
1855.

Cash
v.
The Audi-
tor of
Clark Co.

briefs. See 3 Kent 176, and note. We shall, therefore, pass it by.

The state statute under which this action was brought, 1 R. S., p. 393, provides that the governor shall appoint pilots to pilot boats over the falls of the *Ohio;* that they shall give bond, and be entitled to receive fees, &c. The 3d section reads:

"Every person not licensed as aforesaid, who shall openly or covertly act as such pilot, shall be liable to pay 20 dollars for the use of common schools, to be recovered in an action of debt, in the name of the auditor of *Clark* county, for the use of such county, before any justice of the peace of said county."

There is a proviso saving the rights of owners, &c., to navigate their own boats.

Upon the facts appearing in the agreed case, it would seem to be plain that the defendant below violated this law, and became subject to the penalty. He piloted a boat, not his own, or of which he was the navigator, without having a license so to do. It is true a pilot was on board, but not acting in his character as pilot; he was employed simply as steersman.

Public policy requires that these pilot laws should be strictly enforced.

But two other objections are raised to the judgment.

It is said, to be erroneous, because the Court trying the cause did not formally assess the damages. There is nothing in this. The Court found that the defendant had violated the statute, and the statute itself fixed the penalty, 20 dollars. The judgment could have been for no more nor no less. For that amount the Court rendered judgment.

Again, it is said the law is unconstitutional, because local. But we know geographically that the falls of the *Ohio* are local, and in *Clark* county, and that there are no other falls in the state at which pilots are appointed. The subject matter of the law being entirely local, we do not see how a local law applicable to it can infringe any constitutional provision.

*Per Curiam.*—The judgment is affirmed with costs.

*W. T. Otto* and *J. S. Davis*, for the appellant.

*T. W. Gibson*, for the appellee.