### WALPOLE *v.* ELLIOTT.

It is competent for the Legislature, by curative laws, where not restrained by constitutional provisions, to make a void thing valid.

Walpole *v.* Elliott.

It may, by such law, validate the proceedings of a term of Court holden without authority of law.

APPEAL from the *Hancock* Circuit Court.

Perkins, J.—Suit upon a note. Judgment for the plaintiff. No question is presented by the record except this single one, viz: whether the judgment rendered in the cause is void. It is alleged that it was rendered at a special term of the *Hancock* Circuit Court, not held pursuant to law; but it is admitted that the Legislature enacted, in 1861, and before the appeal in the cause was taken, a curative statute, validating, if it could be done, the judgment rendered and proceedings had at that term.

The Supreme Court of this State decided, in the following cases, that it was competent for the Legislature, by a curative statute, where not restrained by a constitutional provision, to make a void thing valid. *The Board of Commissioners, &c.* v. *Bright,* at this term; *Andrews* v. *Russell,* 7 Blackf. 474; *Grimes* v. *Doe,* 8 *id.* 371; *Davis* v. *The State Bank,* 7 Ind. 316. See, also, *Lucas* v. *Tucker,* 17 Ind. 41. See Sedg. on Stat. p. 198 *et seq.* for cases on this subject, and which sustains the ruling we make in the case at bar. Curative statutes are but a species of retrospective legislation; and retrospective legislation is valid where not forbidden by the Constitution. See the cases collected in 1 Gavin & Hord's Statutes, p. 9, note 3; Ind. Dig. p. 751, sec. 96; Cushing's Law of Legislative Assemblies, p. 303, sec. 771. The following is the maxim governing the Courts in determining whether a law is to be held prospective only, or retrospective, also, in its operation:

"*Leges quae retrospiciunt raro, et magna cum cautione sunt adhibendae; neque enim Janus locatur in legibus.*"

"Laws which are retrospective are rare, and to be received with great caution, for *Janus* should have no situation among

the laws." Taylor's Law Glossary, p. 288.   See the cases cited in 9 Ind. on page 57.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*T. D. & R. L. Walpole,* for the appellant.

*D. S. Gooding,* for the appellee.