MILLIKIN ET AL. *v.* THE TOWN OF BLOOMINGTON ET AL.

TOWN.—*Trustees, how Elected.*—A trustee must be elected for each district of an incorporated town, but each must be elected by the voters of the whole town, at one poll, or place of voting, and the preceding board of trustees, or a majority of them, must act as the inspectors at the election, and the certificates of election must be signed by the trustees present at the election who have acted as inspectors.

SAME.—*Tax.*—A tax levied by the trustees of a town, to be valid, must be levied by a legally constituted board of trustees, upon property liable to be taxed, and those acting as trustees must each reside in his proper district, and be legally qualified; and the necessary forms in assessing the property, levying the tax, and placing it on the duplicate, must be complied with.

SAME.—*Defects Cured.*—The act approved March 9th, 1875 (Acts 1875, Reg. Ses., p. 153), cured the irregularities in the election of trustees and in the levy of the taxes complained of in this case.

From the Monroe Circuit Court.

*J. W. Buskirk* and *J. H. Louden,* for appellants.

*C. W. Henderson,* for appellees.

DOWNEY, J.—This was an action by the appellants against the appellees, to enjoin the collection of certain taxes assessed by the authority of the town. The plaintiffs are owners of property in the town, on which the tax is charged. The grounds of objection to the tax are, that the trustees who made the levy were not legally elected, and their election was not legally certified to the clerk of the circuit court. The town was divided into four wards or districts. A trustee was elected for each district, but they were elected by districts at a separate poll, and not at one poll by a vote of the whole town. The members of the preceding board of trustees, or a majority of them, did not act as inspectors of the election, but, as we infer, persons appointed by them in each district acted as such inspectors. The persons who acted as inspectors in the several districts united in making the certificate of election, which was filed in the office of the clerk of the circuit court. The certificate states the number of votes received by each candidate, and gives the names of those who were elected. We see no

objection to its form. On demurrer to the complaint, it was adjudged insufficient. To this ruling the plaintiffs excepted, and they have assigned it here as error.

Counsel for the appellees does not attempt to sustain the regularity and validity of the election. We think this could not be done. The election was undoubtedly illegal. While the law provides for the election of a trustee in each district in the town, it clearly contemplated that they shall be elected by a vote of the whole town, and that only one poll, or place of voting, shall be allowed. 1 G. & H. 621, 622, secs. 10 and 15. It is also required, by the statute, that the preceding board of trustees, or a majority of them, shall act as the inspectors. 1 G. & H. 622, sec. 12. It is contemplated by the statute that the certificate to be filed with the clerk of the circuit court. according to sec. 16 of the act, shall be signed by those of the preceding trustees who may be present at the election and act as inspectors.

There is but a single question in the case, and that is, whether those departures from the statute, in holding and certifying the election, render the tax levied by the trustees illegal and void, so that the collection thereof should be enjoined. It is insisted by counsel for the appellees that the trustees who levied the tax were trustees *de facto*, and that the legality of their election and the validity of the tax cannot be questioned in this way.

There are certain matters material to the validity of the tax that are not questioned, and may, therefore, be taken as conceded. Among these are the following:

1. That the board of trustees, if legally constituted, would have the power to levy the tax.

2. That the property of the plaintiffs was liable to be taxed.

3. That the persons claiming to have been elected trustees each resided in his proper district, and possessed the other requisite legal qualifications for the office.

4. That the necessary forms were complied with in assessing the property of the plaintiffs, levying the tax, placing it on the duplicate, etc.

Who are officers *de jure* and who *de facto?*

At this point in the preparation of this opinion, an act was passed by the legislature and took effect, which, we think, cures the irregularities in the election of the trustees, and in the levy of the taxes in question. Act approved March 9th, 1875, Acts Reg. Ses. 1875, p. 153.

The judgment is affirmed, with costs.