Muncie National Bank v. Miller.

No. 10,392.

MUNCIE NATIONAL BANK v. MILLER.

CONSTITUTIONAL LAW.—*Legalizing or Curative Statutes.*—*Validating Unauthorized Judgments.*—*Act of March 2d, 1877.*—The General Assembly might provide by law before the rendition of judgment, that the written waiver by the defendant of the issue and service of a summons, and his written appearance in or to an action, endorsed on the complaint therein, should be equivalent to the issue and service of a summons on him in such action. This being so, the General Assembly may also provide by law, after the rendition of the judgment, that any judgment rendered in good faith, upon the written waiver by the defendant of the issue and service of a summons on him in the action, "shall be deemed legal and valid in all respects, the same as if a summons had been duly issued and served." Therefore the act of March 2d, 1877, "legalizing certain judgments rendered without the formal service of process, and sales thereon," etc., (Acts 1877, Reg. Sess., p. 93), is not repugnant to any provision of the Constitution, and is a valid law.

From the Delaware Circuit Court.

*C. W. Moore, R. S. Gregory* and —— *Silverburg,* for appellant.

*W. Brotherton* and *W. W. Orr,* for appellee.

HOWK, J.—On the 28th day of January, 1876, the appellant, the Muncie National Bank, as plaintiff, filed its complaint on a promissory note, in the court below, against James L. Simmons, Jacob H. Wierman, Andrew Wilson, William Goings, Francis Sipe and the appellee, Luther F. Miller, as defendants. On the same day, the clerk of the court issued a summons on such complaint, directed to the sheriff of Delaware county, and commanding him to summon each and all of the above named defendants to appear before said court on the second day of the next term thereof, to be held at the court-house in the city of Muncie on the first Monday of February, 1876, and answer such complaint. This summons was personally served, on the day of its date, on each and all of said defendants except the appellee, Luther F. Miller, and, as to him, the sheriff's return was silent. On the complaint, and

of the date of its filing, the appellee Luther F. Miller executed a written waiver of the issue and service of a summons on him, in said cause, and entered his appearance thereto in the words and figures following, to wit:

" January 28th, 1876. I hereby waive the issuing and service of summons upon me, in the within entitled cause, and appear thereto, and consent to the same proceeding to final trial and judgment at the February term of the Delaware Circuit Court, 1876. (Signed) LUTHER F. MILLER."

Such proceedings were had in said cause, as that, at the February term, 1876, of the court below, to wit, on the 26th day of February, 1876, judgment was then and there, and therein, rendered in favor of the Muncie National Bank, and against each and all of the above named defendants, Luther F. Miller included, for the sum of $1,026.26, and the costs of suit.

More than five years afterwards, to wit, on the 17th day of May, 1881, the appellee, Luther F. Miller, commenced this suit against the appellant to obtain a decree of the court declaring void the aforesaid judgment against him, and enjoining the collection thereof. His complaint was in two paragraphs, to each of which the appellant's demurrer for the want of facts was overruled by the court, and its exception saved to this ruling. The appellant answered specially in a single affirmative paragraph, to which the appellee demurred upon the ground that it did not state facts sufficient to constitute a defence to his action. This demurrer was sustained by the court, and to this ruling the appellant excepted and declined to amend or answer further. The court thereupon rendered judgment for the appellee, in accordance with the prayer of his complaint, declaring the aforesaid judgment as against the appellee Luther F. Miller void and of no effect, and perpetually enjoining the appellant from enforcing the collection of such judgment, by execution against the appellee, or his property.

Errors are assigned by the appellant in this court, which present for decision the following questions, namely :

1. Does the judgment recovered by the Muncie National Bank against Luther F. Miller, in the court below, on the 26th day of February, 1876, come within the scope of the decision of this court in *McCormack* v. *First National Bank of Greensburgh*, 53 Ind. 466, and is it therefore null and void?

2. If it be conceded that the judgment referred to falls within the doctrine of the case cited and is avoided thereby, can the appellee Luther F. Miller maintain this action to be relieved from such judgment and to enjoin its collection in view of and notwithstanding the curative statute of March 2d, 1877, entitled "An act legalizing certain judgments rendered without the formal service of process, and sales thereon, and declaring an emergency?" Acts 1877, Reg. Sess., p. 93.

We deem it unnecessary for us to consider or decide the first of these two questions, although there are marked differences between the case cited and the case at bar. The former was a suit brought by the judgment defendants, within the time allowed by law, to obtain a review of the judgment for error of law appearing in the proceedings and judgment; while, in the case now before us, the appellee brought his action against the appellant long after the expiration of the time allowed by law for obtaining a review of the former judgment, not to obtain such review, but to have the judgment against him annulled and declared void, and to enjoin its collection. It may well be doubted, therefore, as it seems to us, whether or not the doctrine of the case cited can be made applicable to the judgment of which the appellee complains in the case in hand.

Passing this point, however, we come to the consideration of the second question above stated. The preamble and first section of the above entitled act of March 2d, 1877, were as follows:

"Whereas, It has been represented to this General Assembly that some of the courts of this State have rendered judgments and decrees in cases where the service of process

was attempted to be waived by written agreement, not en-
dorsed on the summons, and without the formal service of
summons; and it being also represented that numerous sales
of property, real and personal, have been made in good faith
under and by virtue of such judgments and decrees, and the
titles arising from such sales are defective, on account of the
decision of the Supreme Court in the case of *McCormack* v.
*First National Bank of Greensburgh, Indiana,* therefore,

"Section 1. *Be it enacted by the General Assembly of the State
of Indiana,* That all sales, so made by sheriffs, on such defec-
tive judgments, in good faith, are hereby confirmed and
legalized; and all conveyances made pursuant to such sales
are hereby legalized; and all judgments, so rendered in good
faith, shall be deemed legal and valid in all respects, the same
as if a summons had been duly issued and served: *Provided,*
That nothing in this act shall prevent any judgment defend-
ant, his heirs or legal representatives from prosecuting any
proceeding heretofore instituted, or from instituting, within
six months after the taking effect of this act, any proceeding
to set aside such judgment or sale, when he has a meritorious
defence to the action, or some part thereof."

In section 2 of this act it was declared that an emergency
existed for the immediate taking effect thereof, and that there-
fore it should be in force from and after its passage.

If this act is a constitutional and valid law, it is very clear,
we think, that the appellee could not maintain this action, at
the time of its commencement, against the appellant; nor
could he then be relieved from the judgment which the ap-
pellant had recovered against him in the court below on the
26th day of February, 1876, nor enjoin the collection of such
judgment upon or by reason of the matters alleged in either
paragraph of his complaint. From briefs of counsel of the
parties on both sides, we learn that the rulings of the circuit
court were all based upon the theory that the provisions of
the curative statute of March 2d, 1877, above quoted, in so

far as they were applicable to the case in hand, were uncon-
stitutional and void.   We are of opinion that none of the
provisions of this curative or legalizing statute are repugnant
to, or in conflict with, the fundamental law, State or Federal,
and that the entire statute is a constitutional and valid enact-
ment.   In Cooley's Constitutional Limitations, p. 371, the
learned author says:

" The rule applicable to cases of this description is sub-
stantially the following:  If the thing wanting, or which
failed to be done, and which constitutes the defect in the pro-
ceedings, is something the necessity for which the Legisla-
ture might have dispensed with by a prior statute, then it
is not beyond the power of the Legislature to dispense with
it by a subsequent statute.   And if the irregularity consists
in doing some act, or in the mode or manner of doing some
act which the Legislature might have made immaterial by
prior law, it is equally competent to make the same immate-
rial by a subsequent law."

The manner in which a civil action shall be commenced,
and of notifying the defendant of the pendency of such action
so as to give the court jurisdiction of his person, is a subject
within the power and control of the Legislature, and a proper
subject of legislative action.   It was competent for the Gen-
eral Assembly to have provided by law, before the rendition
of the judgment complained of by the appellee, that a writ-
ten waiver by the defendant of the issue and service of a
summons, and of his appearance in or to the action, endorsed
on the complaint, should be equivalent to the issue and ser-
vice of a summons on the defendant in the action.   This be-
ing so, it was equally competent for the Legislature to pro-
vide by law, after the rendition of the judgment, that any
judgment rendered in good faith upon such written waiver
by the defendant of the issue and service of a summons on
him in the action, " shall be deemed legal and valid in all re-
spects, the same as if a summons had been duly issued and

served." This is precisely what was done by the General Assembly of this State, in the enactment of the curative statute above quoted; and it can not be said, we think, that such legislation is unconstitutional and void.

This court has repeatedly held that such legalizing and curative statutes, as the one under consideration, were not repugnant to any provision of the constitution, and were valid laws. Thus, in *Walpole* v. *Elliott*, 18 Ind. 258, it was held to be competent for the Legislature, when not restrained by constitutional provisions, to enact curative laws whereby a void thing may be made valid; and that, by such a law, the Legislature may validate judgments and proceedings which were rendered and had without authority of law. The court said: "Curative statutes are but a species of retrospective legislation; and retrospective legislation is valid where not forbidden by the constitution." To the same effect substantially, are the following more recent decisions of this court: *Price* v. *Huey*, 22 Ind. 18; *Millikin* v. *Town of Bloomington,* 49 Ind. 62; *Halstead* v. *Board, etc.*, 56 Ind 363; *Sithin* v. *Board, etc.*, 66 Ind. 109; *Gardner* v. *Haney*, 86 Ind. 17.

Our conclusion is that the facts alleged by appellee, in each paragraph of his complaint, were not sufficient to constitute a cause of action in his favor and against the appellant; and that, for this cause, the demurrers thereto ought to have been sustained. We need not, therefore, consider the other errors complained of by the appellant.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed June 20, 1883. Petition for a rehearing overruled Nov. 24, 1883.