Kelly, Treasurer, *v.* The State, *ex rel.* First National Bank of Frankfort.

---

No. 8767.

KELLY, TREASURER, *v.* THE STATE, EX REL. FIRST NATIONAL BANK OF FRANKFORT.

CONSTITUTIONAL LAW.—*Legalizing Statute.—Acts of County Board.—Decision of General Assembly.—Supreme Court.*—Where a statute, such as a statute to legalize or validate the acts of the board of commissioners of a county in its corporate capacity, does not fall within any of the cases enumerated in section 22 of article 4 of the State Constitution, it is for the General Assembly alone to decide whether or not, under the provisions of section 23 of the same article, a general law can be made applicable to the subject-matter of the statute, and that decision the Supreme court will sustain.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*L. McClurg, J. Claybaugh* and *B. K. Higinbotham,* for appellee.

HOWK, C. J.—On the 19th day of March, 1879, an act of the General Assembly of this State was duly approved, entitled "An act to legalize certain acts of the board of commissioners of Clinton county, in the purchase of certain grounds at sheriff's sale; vesting a sufficient title thereto in the said county, providing for the payment thereof, and other matters properly connected therewith, and declaring an emergency."

This act and its preamble are in the words and figures following, to wit:

"Whereas, The county of Clinton, in the State of Indiana, was the owner of twenty-five hundred dollars of paid-up stock

in the Clinton County Agricultural Society, which society was the owner of grounds containing about fifty (50) acres, and particularly described in a certain deed executed by Joseph K. Steele, and Mary Steele, his wife, to said Clinton County Agricultural Society, dated on the 1st day of July, 1872, and recorded in deed-record number 36, on page 127, in the recorder's office of said county, which grounds were heavily encumbered by a mortgage for the original purchase-money therefor, and improvements thereon; and

" Whereas, It became necessary that said county, to prevent the loss of her said paid-up stock of twenty-five hundred dollars, should purchase said grounds on the foreclosure of said mortgage, to prevent the same from passing into the hands of private parties; and

" Whereas, Said county, by her board of commissioners, on the 10th day of June, 1876, bid for said grounds, at sheriff's sale, on a judgment and decree for the foreclosure of said mortgage, the sum of seven thousand one hundred and ninety-nine dollars and forty cents, and directed the auditor of said county to draw his order and warrant on the treasurer of said county for said sum, payable on the 27th day of September, 1877; and

" Whereas, Some doubt exists as to the legality of said purchase of said grounds by said board of commissioners, and the right of said auditor to draw said order and warrant, and the right of said treasurer to pay the same, and of the right of said county to a title in fee simple for said grounds, and under a legal and subsisting title to hold the same, under and by virtue of the sheriff's deed made to said county for the said grounds, under the sale aforesaid; therefore,

" Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That the purchase of said grounds by the board of commissioners of Clinton county, at said sheriff's sale, and the order and warrant of the auditor of Clinton county on the treasurer of said county for said sum be, and the same is hereby legalized.

" Sec.' 2. That the title to said grounds, under said purchase, be and the same is hereby legalized and vested in the said county of Clinton, in as full and ample a manner as the same would vest in any individual or corporation entitled by law to hold the same, under said purchase at said sheriff's sale.

" Sec. 3. Whereas, an emergency exists for the immediate taking effect of this act, it shall therefore be in force and take effect from and after its passage."

After this act became a law, the treasurer of Clinton county failed and refused to pay the auditor's order and warrant, therein mentioned and thereby legalized. · Thereupon, this proceeding was instituted by the appellee's relator, the holder of such order and warrant, to compel by mandate the payment of such order and warrant by the appellant, as the treasurer of Clinton county. To the relator's complaint and the alternative writ of mandate issued thereon, the appellant filed an answer and return in six paragraphs, of which the first was a general denial, and each of the other paragraphs stated special or affirmative matters by way of defence. The relator's demurrers to each of the special paragraphs of answer and return were sustained by the court, and to each of these rulings the appellant excepted. He then withdrew his general denial, and, declining to plead further, the court rendered judgment for a peremptory mandate against him, as prayed for in the relator's complaint.

In this court, the appellant's counsel challenges, in argument, the constitutionality of the legalizing statute, above quoted, and this is really the controlling question for decision in this case. It is claimed by counsel, that the statute is in conflict with the provisions of sections 22 and 23 of article 4 (sections 118 and 119, R. S. 1881,) of the State Constitution of 1851, and is therefore void. It is very clear, as it seems to us, that the statute under consideration does not fall within any of the cases enumerated in section 22 of article 4 of the Constitution, wherein it is declared that " The General Assembly shall not pass local or special laws." But it

is insisted by appellant's counsel, that the statute is in con-- flict with section 23 of article 4, which provides that in all cases " where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." Counsel claims that as a general law could have been made applicable, the statute we are now considering, being special and not'of uniform operation. throughout the State, must be held to violate section 23 of article 4 of the Consti-- tution, and, therefore, to be void. In *Gentile* v. *State*, 29 Ind. 409, it was held by this court, that " it is for the Legislature alone to judge whether a law on any given subject, not enu-- merated in section 22, can be made applicable to the whole State." Upon this point, the case cited has been approved and followed in a number of other cases in this court. *State* v. *Boone*, 30 Ind. 225 ; *Longworth* v. *Common Council*, 32 Ind. 322 ; *Clem* v. *State*, 33 Ind. 418 ; *State, ex rel.*, v. *Tucker*, 46. Ind. 355.

Conceding, without deciding, that the acts of the board of commissioners of Clinton county, in the purchase of the fair grounds and in directing the auditor to issue an order or war-- rant on the treasurer for the purchase-money, and the act of the auditor in issuing such order or warrant, were unauthor-- ized by law and technically void, we are of the opinion that it was competent for the General Assembly to legalize and validate all such acts, and this was done in and by the above quoted act of March 19th, 1879. The constitutionality and validity of such legislation have often been recognized and acted upon in the decisions of this court. *Walpole* v. *Elliott*, 18 Ind. 258 ; *Halstead* v. *Board, etc.*, 56 Ind. 363 ; *Sithin* v. *Board, etc.*, 66 Ind. 109 ; *Gardner* v. *Haney*, 86 Ind. 17 ; *Muncie Nat'l Bank* v. *Miller*, 91 Ind. 441.

Our conclusion is that the legalizing statute above quoted is not repugnant to, or in conflict with, any of the provisions of the State Constitution of 1851, but is a proper and legiti-- mate exercise of legislative power.

This conclusion practically disposes of all the errors com--

plained of, in argument, by the appellant's learned counsel, and requires the affirmance of the judgment below. Some technical objections to the complaint and alternative writ are pointed out by counsel, but none of these objections seem to us to affect the sufficiency of the relator's cause of action, or to have been reached by the appellant's demurrer, for the want of sufficient facts. As a rule such objections can only be reached by motions to make the pleading, or the particular averment, more certain and specific.

In each of the special paragraphs of his answer or return, the appellant stated matters which occurred prior to the taking effect of the legalizing statute above quoted. We need not stop to enquire whether or not the matters thus pleaded, or any of them, would have constituted sufficient defences to the relator's cause of action, if such curative statute had not become a law. It will suffice for us to say that, with the legalizing statute in force, the court did not err, in our opinion, in sustaining the relator's demurrers to either of the special paragraphs of answer or return.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed with costs.

Filed Dec. 15, 1883.