CITY OF BLOOMINGTON *v.* SPENCER HUDGINS

[No. 1-677A127. Filed September 5, 1978. Rehearing denied December 19, 1978. Transfer denied April 17, 1979.]

*Bruce Wackowski*, of Bloomington, for appellant.

*Frank A. Barnhart, Baker, Barnhart & Andrews*, of Bloomington, for appellee.

## DISMISSAL

LOWDERMILK, J. — This is an appeal brought by the City of Bloomington from a judgment of the trial court, wherein the trial court held that the Bloomington Human Rights Commission did not have probable cause to suspect that Spencer Hudgins was guilty of sex discrimination in housing, and that the Bloomington Human Rights Commission was without jurisdiction to pursue the matter further. Hudgins has moved to dismiss this appeal.

It is to be noted that the Bloomington Human Rights Commission owes its existence to and derives all of its power from IC 1971, 22-9-1-2 (Burns Supp. 1977). In *Indiana University v. Hartwell and the*  *Bloomington Human Rights Commission* (1977), 174 Ind.App. 325, 367 N.E.2d 1090 (Transfer denied), this court stated at pp. 1094-1095:

"... Be that as it may after measuring IC 1971, 22-9-1-12 (Burns Code Ed., Supp. 1976), by various rules of statutory construction, we have concluded that the statute is salvageable only if we ignore the plain meaning of its words and somehow find within the statute some implicit limitation on the powers available to be conferred upon local commission agencies. We decline to engage in this practice of judicial fiat.

Though the nobility of the objectives of the statute cannot be

doubted, purity of purpose can never be an adequate alternative to constitutional safeguards. Accordingly, we declare IC 1971, 22-9-1-12 (Burns Code Ed., Supp. 1976), unconstitutional for the reasons previously stated, and we hold that the opinion and order of the Human Rights Commission of the City of Bloomington in this cause is null, void, and of no effect as there exists no legitimate statutory authority for the establishment of local commission agencies."

In that the Bloomington Human Rights Commission has not been legally established, we hold that it is without power to act and that its attempted acts are null and void. We, therefore, dimiss this appeal and, thereby, affirm the trial court's holding that the Bloomington Human Rights Commission is without jurisdiction or power to adjudicate a complaint against Spencer Hudgins.

Appeal dismissed.

Lybrook, P.J. and Robertson, J. concur.

## ON PETITION FOR REHEARING

LOWDERMILK, J.—Defendant-appellant City of Bloomington has filed a petition for rehearing alleging that this court erred in dismissing its appeal.[1] This appeal was originally brought by the City of Bloomington from a judgment of the trial court, wherein the trial court held that the Bloomington Human Rights Commission did not have probable cause to suspect that Spencer Hudgins was guilty of sex discrimination in housing, and that the Bloomington Human Rights Commission was without jurisdiction to pursue the matter further.

This court dismissed the City of Bloomington's appeal in that IC 1971, 22-9-1-12 (Burns Code Ed., Supp. 1977) (Repealed), the statute which authorized the City of Bloomington to form a local human rights commission, was declared to be unconstitutional by this court in *Indiana University v. Hartwell and the Bloomington Human Rights Commission* (1977), 174 Ind.App. 325, 367 N.E.2d 1090 (Transfer denied).

---

1. The opinion stating the reasons for dismissal is *City of Bloomington v. Hudgins*, (1978) 177 Ind.App. 445, 379 N.E.2d 1022.

In our original opinion in the case we held that the Bloomington Human Rights Commission was without power to act and that its attempted acts were null and void. It, in essence, had no jurisdiction.

After our decision in *Hartwell, supra,* but before our decision in *Hudgins, supra,* the Indiana legislature passed Acts 1978, P.L. 123, p. 1117 wherein IC 22-9-1-12.1 was added to replace IC 22-9-1-12 in an attempt to correct the constitutional deficiencies of the repealed statute. Sections 3 and 4 of Acts 1978, P.L. 123, p. 1117 at 1122, provide:

> "SECTION 3.   IC 22-9-1-12 is repealed. The repeal of this section does not affect any rights or liabilities accrued, penalties incurred, or proceedings begun before the effective date of this act if the rights, liabilities, penalties, or proceedings are in accordance with this act.
>
> SECTION 4.   Any action taken by a city, town, or county, or by an agency before the effective date of this act which would have been valid under this act is hereby legalized and validated."

The city contends that the curative legislation found in §§ 3 and 4, *supra,* validates the former acts and proceedings of the Bloomington Human Rights Commission and endows the city and its human rights commission with the power to pursue this appeal. We disagree.

In *Johnson v. The Board of Commissioners of Wells County, et al.* (1886), 107 Ind. 15, 8 N.E. 1, the Board of Commissioners of Wells County authorized the construction of a graval road during a session in which they had authority only to receive reports from school trustees. If the Board had been in a regular or special session of a general nature it could properly have considered the construction of the gravel road. However, in considering the matter during the session which was specifically set aside to receive school reports, the board exceeded its authority.

In response to a holding that the Board's original action was a nullity, the legislature, in an emergency session, passed an act which validated the Board's prior proceedings with regard to the construction of the gravel road. In holding the Board's curative act retrospectively valid our Supreme Court in *Johnson, supra,* at 107 Ind. 19, 20, 24, 28, stated:

"1st. There is no inhibition in the Constitution against the passage of retrospective statutes. That such statutes may be passed by the Legislature, in the absence of a constitutional inhibition, is well settled.

And especially is this so, if the effect of the statute is in accord with justice, equity and sound public policy. And hence such statutes have been sustained, where their effect was to render valid contracts which, but for them, would have been void. . .

It must be regarded as settled also, that curative or retrospective legislation will not be upheld if it materially interferes with or overthrows vested rights, creates and imposes new burdens, or infringes upon the judicial department of the government. *The general and better rule is, that curative statutes will not be sustained as legalizing proceedings had without jurisdiction over the subject-matter, or the person, and where there was an entire lack of power on the part of the court, body or officer, whose proceedings are sought to be legalized. . . .*

\* \* \*

. . . There was not a want of power, or jurisdiction over the subject-matter, because the board had general authority to lay out and construct free gravel roads. There was a defect and irregularity in the procedure, and that defect and irregularity were such as might be cured by a legalizing statute, and such as were cured by the legalizing act of 1885, unless that act is invalid upon other grounds than simply being retrospective.

\* \* \*

*If there had been an entire lack of power on the part of the county board to construct gravel roads, and the curative statute attempted to legalize their acts in constructing the road in question, we should have an entirely different case.*" (Our emphasis) (Citations omitted)

The Illinois Supreme Court has taken a similar stance with regard to curative statutes, as is evidenced by its opinion in *People v. Thompson* (1941), 377 Ill. 104, 35 N.E.2d 355, 359, where it states:

"An examination of the numerous decisions of this court upon the subject of so-called curative or enabling acts discloses that the rule is definitely settled in this State, that the legislature may, by statute, validate the illegal or defective exercise of a power where the power exists at the time its exercise was attempted. However, the General Assembly cannot give validity to the exercise of a

power where such assumed power did not exist at the time it was purported to have been exercised. The power to levy a tax by an administrative body is jurisdictional. *Jurisdiction to act cannot be conferred by subsequent legislation where the power to act was lacking at the time the purported action was taken.* People v. Chicago & Eastern Illinois Railway Co., 365 Ill. 202, 6 N.E.2d 119." (Our emphasis).

In the case at bar in that the Bloomington Human Rights Commission was not legally established it had no legal power to act at the time it rendered its decision concerning Hudgins. If the commission had been legally established in the first instance, and if in its proceedings, it had merely exceeded its enumerated powers, then the legislature could, through curative legislation, have validated such proceedings retrospectively. However, in that the Bloomington Human Rights Commission had no power or jurisdiction at the time of the proceedings which form the basis of this action, we must hold that any attempt to confer power and jurisdiction upon it retrospectively must fail.

For the reasons stated herein, the petition for rehearing is denied.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 379 N.E.2d 1022.