(No. 14307.—Reversed in part and affirmed in part.)

THE PEOPLE *ex rel.* C. H. Moomey, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921—Rehearing denied Feb. 14, 1922.*

1. TAXES—*vote for county sanitarium tax does not authorize rate for county taxes in excess of fifty cents.* Where a county board in its levy of taxes for county purposes has included an item for building a tuberculosis sanitarium, so that a rate of fifty cents is extended to meet the entire levy, a subsequent vote of the people in favor of a two-mill tax for the sanitarium does not authorize the clerk to extend the additional tax so as to add twenty cents to the total rate for county taxes, as the county tax rate cannot be exceeded except by vote as provided in section 27 of the Counties act.

2. SAME—*levies for sewers and for bonds of sanitary district need not be itemized.* In a county tax levy for sanitary district purposes in a district under the act of 1917, a lump sum levied "to apply on construction of intercepting sewers," and another for "sinking fund, interest on bonds," need not be itemized, as such levies are sufficiently described to show the purpose of the appropriations.

3. SAME—*section 12 of Sanitary District act of 1917 authorizes levy for corporate purposes in addition to bond tax.* Section 12 of the act of 1917 for the creation of sanitary districts for sewage disposal authorizes the county board to levy a tax of one-third of one per cent for "other taxes for corporate purposes" in addition to the bond tax, and under the proviso to said section a like sum in addition to the levy of "other taxes for corporate purposes" when authorized by vote, making a total of sixty-six and two-thirds cents in addition to the bond tax, provided a vote is taken for the additional tax.

4. SAME—*validity of school taxes may be determined by validating act in force at time the decision is rendered.* The act of

June 10, 1921, validating taxes levied by boards of education where the certificates of levy were not filed and returned within the required time, may be applied by the court in deciding the validity of such taxes if the validating act is in force before the case is finally disposed of as to all objections.

5. SAME—*act of 1921 validating levies of school taxes is not invalid.* The act of June 10, 1921, validating levies of school taxes where the certificates of levy were not filed or returned in the required time, is not unconstitutional, as the legislature may have authorized boards of education to levy taxes in the manner validated by the curative act, but the legislature cannot by retrospective legislation cure a want of authority to levy a tax.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding.

CHARLES C. LEFORGEE, and GEORGE W. BLACK, for appellant.

CHARLES F. EVANS, State's Attorney, A. R. IVENS, and McMILLEN & McMILLEN, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Macon county overruled the objections of appellant, the Illinois Central Railroad Company, to the county tuberculosis sanitarium tax, the taxes for the Sanitary District of Decatur, and the school taxes levied by four school districts in said county, school districts Nos. 19, 42, 63 and 96, and entered judgment and order of sale against appellant's property.

Section 25 of chapter 34 of Hurd's Statutes of 1919, in paragraph 9 of that section, enumerates as one of the powers of the county boards in the several counties of this State, "to cause to be erected, or otherwise provided, and maintained, all suitable buildings for a sanitarium for the care and treatment of all persons suffering from tuberculosis who may be admitted to said sanitarium by, or under the direction of said board, and to provide for the maintenance and management of the same." Paragraph 145 of

301—19

the same chapter provides that the county board of each county in this State shall have power, in the manner hereinafter provided, to establish and maintain a county tuberculosis sanitarium, and branches, dispensaries and other auxiliary institutions connected with the same, for the use and benefit of the inhabitants thereof, for the purposes aforesaid, and power to levy a tax, not to exceed two mills on the dollar, annually, on all the taxable property of such county, which tax shall be in addition to all other taxes which such county is now or hereafter may be authorized to levy on the aggregate valuation of all property within such county. This paragraph further provides, in substance, that the taxes aforesaid shall not be subject to the scaling process under what is known as the Juul law. The next paragraph (146) provides that "when one hundred legal voters of any county shall present a petition, to the county board of such county, asking that an annual tax may be levied for the establishment and maintenance of a county tuberculosis sanitarium in such county, such county board shall instruct the county clerk to, and the county clerk shall, in the next legal notice of a regular general election in such county, give notice that at such election every elector may vote 'For the levy of a tax for a county tuberculosis sanitarium,' or 'Against the levy of a tax for a county tuberculosis sanitarium,' and provision shall be made for voting on such proposition, in accordance with such notice, and if a majority of all the votes cast upon the proposition shall be for the levy of a tax for a county tuberculosis sanitarium, the county board of such county shall thereafter annually levy a tax of not to exceed two mills on the dollar, which tax shall be collected in like manner with other general taxes in such county and shall be known as the 'Tuberculosis Sanitarium Fund,' and thereafter the county board of such county shall, in the annual appropriation bill, appropriate from such fund such sum or sums of money as may be deemed necessary to defray all necessary expenses and lia-

bilities of such county tuberculosis sanitarium." The next paragraph of the act provides that when in any county such a proposition for the levy of a tax for a county tuberculosis sanitarium has been adopted a board of three directors may be appointed by the chairman of the county board for such sanitarium, and the following paragraphs provide for the terms of office of such directors, how vacancies may be filled on the board, provide for the organization of the boards and for the control and regulation of the sanitarium so established.

It is clear that under the foregoing provisions of chapter 34 the county boards in the various counties have authority to establish and maintain county tuberculosis sanitariums when authorized by a vote of the people of the counties taken as provided in paragraph 146. Paragraph 145 only purports to give power to county boards to establish and maintain such sanitariums *"in the manner hereinafter provided."* "The manner hereinafter provided" is set forth in paragraph 146, and this court in construing paragraph 145 in *People* v. *Wabash Railway Co.* 286 Ill. 15, said: "That act provides that the county board of each county shall have power, in the manner therein provided, to establish and maintain a county tuberculosis sanitarium, and branches, dispensaries and other auxiliary institutions connected with the same, upon an affirmative vote of the people for the levy of a tax for that purpose." The affirmative vote of the people is provided for in paragraph 146. In further confirmation of this construction, it will be noted that the next paragraph (147) gives the president and county board the authority to appoint a board of three directors for the sanitarium only "when in any county such a proposition for the levy of a tax for a county tuberculosis sanitarium has been adopted as aforesaid,"—that is, adopted as provided in paragraph 146. By the provisions of paragraph 146, when the people have voted for a county sanitarium the county board is thereafter authorized to levy

annually a tax not exceeding two mills on the dollar for
the sanitarium fund, which means that the county board
has the right, after such a vote, to make such levy indefi-
nitely and without any further vote of the people, and there
is no authorization in any of the provisions of said para-
graphs for increasing such levy above said rate, by vote of
the people or otherwise. The provisions of these paragraphs
also make it clear that the levy is not subject to be scaled
under the Juul law, and that the rate levied for sanitarium
purposes, when added to the rate for the aggregate of all
other county taxes, cannot exceed fifty cents, unless the
county rate is increased by vote of the people under the
provisions of paragraph 27 of the same chapter. *People*
v. *Wabash Railway Co. supra; People* v. *Chicago, Bur-
lington and Quincy Railroad Co.* 295 Ill. 191.

Under the facts as stipulated in this case the county
board of said county had at the September meeting made
a levy for county purposes for the year 1920 of $194,790,
including an item of $30,000 "for building Macon county
tuberculosis sanitarium," and the county clerk extended a
rate of fifty cents to meet that entire levy. The rate for
building the sanitarium was eight and one-half cents and
was not scaled and produced the entire $30,000. At the
same meeting of the county board a resolution was passed
authorizing the submission to the people, at the next regu-
lar general election, of the question of levying an additional
tax for five years, not to exceed a rate of two mills on the
dollar, "for county tuberculosis sanitarium," which prop-
osition was submitted to the voters of the county and was
carried at the November election. Thereafter the county
board by resolution instructed the county clerk to extend
this additional two-mill tax for a sanitarium voted by the
people, and it was so extended as an additional tax, making
the total rate for county taxes, including this item, seventy
cents. At the same election, upon a petition of more than
one hundred legal voters of said county, the proposition for

and against "the levy of a tax for a county tuberculosis sanitarium" was voted on by the people, as provided in paragraph 146, and it carried by a large majority. The objections by appellant are that eight and one-half cents of the twenty-eight and one-half cents levied for a county tuberculosis sanitarium is illegal and void, because under the vote taken by the people, and under paragraphs 145 and 146, the rate could not exceed twenty cents. That objection is well taken, as the statute only authorizes a rate of twenty cents for such purposes. As a matter of fact, the entire twenty cents levied for sanitarium purposes over and above the fifty cents levied for all county taxes is illegal and void, but the objections were only made as to eight and one-half cents of the illegal tax, and the objections will be sustained as to the amount objected to by appellant.

We base our statement that the entire twenty cents levied above the county rate permitted by law is illegal and void on the fact that there was no vote of the people taken to increase the entire rate of county taxes in accordance with the provisions of paragraph 27. That section specifically states that whenever the county board shall deem it necessary to assess taxes exceeding the fifty-cent rate permitted, except when such excess is to be used for the payment of indebtedness existing at the adoption of the constitution, the county board may, by an order entered of record, set forth substantially the amount of such excess required, the purpose for which it will be required, the number of years it will be required to be levied, etc., and provides for the submission of the question of assessing the additional rate required to a vote of the people at the next election. The propositions to be voted on are for and against "additional tax," as specifically provided in that paragraph. The actual propositions submitted and voted on by the people of Macon county at said election were for and against "the levy of a tax for a county tuberculosis sanitarium," and this was the vote authorized by the county board. The county board

did not enter the proper resolution on its records or submit the proper question to the people for increasing the county rate. There was therefore no vote authorizing any increase in the county rate. *People* v. *Wabash Railway Co. supra; People* v. *Chicago, Burlington and Quincy Railroad Co. supra.*

The first objection to the sanitary district tax is that it is illegal and void because the necessary appropriations were not made and published as required by section 5 of the act to create sanitary districts and provide for sewage disposal. (Hurd's Stat. 1919, par. 424, p. 1230.) The board passed a regular appropriation ordinance, and the same was published in a newspaper in the county according to section 5. No specific objection is pointed out to the ordinance as a whole or to the manner in which it was published, and we have found no valid objection to the same.

It is further objected that two items specified in said ordinance and levied were not sufficiently itemized, and that they were made in a lump sum. These items are described in the ordinance in this language: "To apply on construction of intercepting sewers, known as contract No. 3, $118,929.67;" "sinking fund, interest on bonds, $64,-500." We do not regard these items as indefinite or as lump-sum items. It is evident that they are sufficiently described for anyone to understand what the appropriations are for. The bonds were voted and issued under the provisions of the constitution, and the interest and principal of the same are to be paid in twenty years, according to the provisions of the constitution, and the record of the bonds themselves would show very definitely what the bonds are and how much and when the same are to be collected.

There are also objections to all the taxes that were levied in the sanitary district in excess of the rate of thirty-five cents. The equalized value of all the taxable property in the district is $18,656,844. The thirty-five cent rate not objected to was required to produce the amount levied to

pay bonds and interest, and as these bonds were voted and made payable according to the provisions of the constitution no valid objection can be raised to the tax on bonds. The objections in this case are to be determined according to the interpretation that is to be placed upon paragraph 431 of chapter 42. Paragraph 428 of the chapter confers power on the sanitary district to borrow money for corporate purposes and to issue bonds therefor, with a limitation that it is not to "become indebted in any manner or for any purpose to an amount in the aggregate to exceed five percentum on the valuation of taxable property therein to be ascertained by the last assessment," etc. Paragraph 431 provides that the board of trustees may levy and collect other taxes for corporate purposes on property within the territorial limits of such sanitary district, the aggregate amount of which for each year shall not exceed one-third of one percentum of the value of the taxable property, provided that a like sum in addition thereto may be levied when such additional tax has been authorized by the legal voters of such district after an election duly called therefor. The real question presented is whether in this paragraph the words "the aggregate amount of which for each year shall not exceed one-third of one percentum," means the aggregate amount of bond taxes and "other taxes for corporate purposes," or simply means that the taxes other than for bonds shall not exceed one-third of one percentum. We think it is clear that the word "which," in the phrase "the aggregate amount of which," refers for its antecedent to the words "other taxes for corporate purposes," found in the first line of the paragraph, and that the words "that a like sum in addition thereto may be levied," found in the proviso, mean a like sum in addition to the taxes other than the bond tax, and not in addition to the aggregate of the taxes and the bond tax. In this district a vote was submitted to the people of the district for levying the additional tax specified in the proviso. Under our interpreta-

tion of this paragraph the trustees under said vote were authorized to levy sixty-six and two-thirds cents in addition to the bond tax. As the total rate levied was one dollar, no part of the taxes of this district are illegal and void.

The objection to the school taxes of said school districts was to the entire taxes of the districts on the ground that under section 190 of the School law the board of directors or board of education of each district shall ascertain, as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year, and that such amounts shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually, and that the treasurer shall return the certificate to the county clerk on or before the second Monday in August. The record in this case shows that none of the four certificates of levy introduced in evidence were made, dated and certified until after August 3, 1921, which was the first Tuesday in August, and that the certificates were not returned to and filed with the county clerk until after August 9, 1920, which was the second Monday in August. The county court at first, on June 18, 1921, sustained the objections to all of the school taxes and then set a further date for the consideration of the objections as to the sanitary taxes and the county taxes. On June 25, 1921, on written motion of the People the court set aside its previous order sustaining the objections and on further argument reversed its decision and sustained the entire school taxes on the authority of the validating act approved June 10, 1921, by which it was claimed by appellee that the school taxes were validated. Further objections were made and are argued here to the action of the court in setting aside its former ruling and in holding that the validating act validated the taxes. If the validating act was a valid act and had the effect to validate the school taxes the court committed no error in setting its former judgment aside and in rendering judgment

for the taxes, as we have frequently ruled, under the many validating acts of similar character that have been passed, that it is proper for the court to apply the law as it existed at the time the decision is made. The validating act was in effect before either of the decisions of the court were made on the school taxes in question and before the case had been disposed of by the county court as to all of the objections.

The validating act in substance provides, that wherever, prior to the passing of the act, a board of directors or a board of education has returned its certificate of tax levy to the township treasurer on or before the first Tuesday in August of any year and the treasurer has returned the same to the clerk after the second Monday in August, and wherever, prior to the passage of the act, any such board has returned the certificate of tax levy to the treasurer after the first Tuesday in August of any year and the treasurer has returned the certificate to the county clerk before, on or after the second Monday in August, such certificate shall be considered valid and as of the same effect as if the certificate had been returned to the treasurer on or before the first Tuesday of August and to the clerk on or before the second Monday in August. The objection to this statute is that it is retrospective and *ex post facto* in character; that it is an attempt by the legislature to render legal taxes indisputably and admittedly void, regardless of rights that have become vested; and that the act is vague and indefinite, unreasonable and unjust, and ignores the very basic principles of revenue legislation and the State constitution. This court has often passed on like objections in cases where similar acts have been discussed. Curative acts do not authorize the doing of anything in the future, and the very nature of such acts must be and is wholly retrospective. They relate solely to actions that have been performed and legalize the same. There is nothing in our constitution that makes legislation of this character illegal, where the legislature had the power to do or to authorize the act done in

the manner it was done, and there is nothing in the act in question that makes it unreasonable or unjust to appellant or anyone else in a like situation. The taxes in question and the objections thereto had not been passed upon or adjudicated by the court until after the validating act was passed, and it had not lost jurisdiction of the case or made any decision therein that it could not change if there was any legal reason therefor. The act is valid because the legislature had a right in the first instance, when section 190 was passed, to declare that the tax levies might be made and returned in the manner and at the times the respective boards of education in this case made and returned them, and the passage of this validating act has not in any way infringed upon or divested property rights and vested interests of persons that are secure against such legislative action. Appellant owed the same duty to pay its school taxes as all other residents of the district, and it has only escaped taxation because of the negligence of the school officers. We cite the following cases as applicable to the principles in this case, and there are many others that have been decided by this court on the same ground: *People* v. *Stitt,* 280 Ill. 553; *People* v. *City of Rock Island,* 271 id. 412; *People* v. *Wisconsin Central Railroad Co.* 219 id. 94. In the last case cited it was held that in the absence of any constitutional prohibition the legislature may validate by a curative act any proceedings which it might have authorized in advance, including cases where the power to levy taxes has failed of proper execution through the carelessness of officers, but that it cannot by retrospective legislation cure a want of authority to levy the taxes.

The judgment of the county court is reversed as to that portion of the sanitarium tax to which objections were made and affirmed as to all other taxes.

*Reversed in part and in part affirmed.*