(No. 21792.—

THE PEOPLE *ex rel.* A. D. Sizer, County Collector, Appellee, *vs.* THE PEORIA AND EASTERN RAILWAY COMPANY, Appellant.

*Opinion filed October 21, 1933—Rehearing denied Dec. 8, 1933.*

FARTHING, J., dissenting.

SAMUEL W. BAXTER, GREEN & PALMER, and H. L. JONES, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellant.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* collector of Champaign county applied to the county court of that county for judgment against and an order for the sale of the parcels of land returned delinquent for non-payment of the general taxes for the year 1931. The Peoria and Eastern Railway Company filed objections to a portion of the taxes levied by the county of Champaign; the objections were overruled, judgment was rendered and the company prosecutes this appeal.

The county of Champaign is under township organization and has less than 500,000 inhabitants. Prior to the

year 1931, the county had built an almshouse or county home, and in that year levied $30,000 to maintain the institution. The railway company's share of this item of the tax levy amounted to $345.58 on its real, and $65.08 on its personal property. Its objection to the item is that the burden of supporting paupers rests, not upon the county, but upon the several towns or townships into which the county is divided.

To sustain its objection, the appellant invokes section 15 of the act entitled "An act to revise the law in relation to paupers," as amended by the act approved June 29, 1931, (Cahill's Stat. 1931, p. 2145; Smith's Stat. 1931, p. 2167), which provides: "In counties having a population of less than 500,000 inhabitants which are under township organization, the various towns shall relieve and support all poor and indigent persons lawfully resident within their respective territories, except as herein otherwise provided." Section 15 concludes with the words "except as herein otherwise provided," and manifestly is not the only section of the act which must be considered in the determination of this appeal.

The primary duty or liability to support a poor person who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, is by section 1 of the same act, imposed upon the father, grandfather, mother, grandmother, children, grandchildren, brothers or sisters of such poor person, if they, or either of them, be of sufficient ability. When a person becomes a pauper from intemperance or other bad conduct, the proviso to this section exempts all the relatives of such person, except parent or child, from the obligation to support him. The order of liability of the several relatives of a pauper to support him is fixed by the second section of the act.

The thirty-third section, as amended by the act approved June 29, 1931, provides that when any county shall have

a poor-house, "all the poor persons requiring the care and support of the county, or the township, as the case may be, may be cared for and supported at such poor-house, except when they cannot be received in the poor-house, and except as herein otherwise provided." Sections 15 and 33, as well as other sections of the act relating to paupers not relevant to this inquiry, were amended by the act approved June 29, 1931, (Laws of 1931, p. 725). Prior to the amendment, the pertinent part of section 33 read, "all poor persons requiring the care and support of the county shall be cared for and supported at such poor-house, and not in the several towns and precincts in the county." This portion of the section as amended reads, "all the poor persons requiring the care and support of the county, or the township, as the case may be, may be cared for and supported at such poor-house." Before the amendment, all poor persons requiring the care and support of the county, with the exceptions stated, were required to be cared for and supported at the county poor-house. Since the amendment such care and support, with the same exceptions, may be given, . not only to all persons requiring the care and support of the county but also of the township.

It is apparent from the foregoing statutory provisions that when the legislature, by section 15 as amended, imposed upon towns in counties of the population designated, subject to the primary obligation of relatives, the duty to relieve and support all poor and indigent persons lawfully resident within their respective territories, it simultaneously made available the existing county poor-house for the care and support of paupers who are charges of the several towns or townships in the county. (*People* v. *Alton Railroad Co.* 352 Ill. 297; *People* v. *Franklin,* id. 528). Such a distribution of the cost and expense of discharging the burden imposed, it is conceded, is within the legislative power. (*People* v. *Camargo School District,* 313 Ill. 321; *People* v. *Bartlett,* 304 id. 283; *Marion County* v. *Lear,*

108 id. 343; *Board of Supervisors* v. *City of Springfield,* 63 id. 66; *People* v. *Power,* 25 id. 169). It follows that the appellant's objections were properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARTHING, dissenting:

I cannot agree with the opinion of the majority in so far as it holds that section 33 of "An act to revise the law in relation to paupers," approved March 23, 1874, in force July 1, 1874, as amended, (Laws of 1931, p. 725,) modifies section 15 of the same act as amended. Section 33 as amended clearly refers to counties not under township organization, provided for by section 14 of said act, so far as any duty on the part of the counties to take care of poor and indigent persons is concerned, and then refers to the duties of townships which are covered by section 15, relating to counties with a population of less than 500,000 under township organization. What was said by this court in *People* v. *Franklin,* 352 Ill. 528, with reference to relief of poor persons by counties under township organization, was not necessary to the opinion. The levy there in question was: "Maintenance of county home, $16,000." There is no question that the counties still have the right to have and maintain almshouses. Levies of taxes for the maintenance, up-keep, salaries of attendants, insurance, and the like, can still be made by the county board of supervisors, as was decided by this court in *People* v. *Alton Railroad Co.* 352 Ill. 297. In that case the language at page 299 is as follows: "It is argued that the statute under which the county was authorized to levy a tax for the maintenance of paupers having been repealed, the county board had no power to levy any tax for that purpose. And this is undoubtedly true. The levy for 'Pauper old claims,' however, does not purport to be for future liabilities."