(No. 22221.—

THE PEOPLE *ex rel.* John Thies, County Collector, Appellee, *vs.* THE BALTIMORE and OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed April 21, 1934.*

PARKER & BAUER, (GRAHAM & GRAHAM, and WILLIAM A. EGGERS, of counsel,) for appellant.

PAUL TAYLOR, State's Attorney, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* collector of Effingham county applied to the county court of that county for judgment against and an order for the sale of the parcels of land and other property returned delinquent for non-payment of the general taxes for the year 1932. The Baltimore and Ohio Southwestern Railroad Company objected to a portion of the taxes levied upon its property by the county of Effingham; the objections were overruled, judgment was rendered for the taxes, and the railroad company prosecutes this appeal.

The board of supervisors of Effingham county levied taxes for the year 1932 aggregating $47,000. This sum included an item "For support of county poor, $4000." The railroad company's objection was interposed to this item, its share of the particular tax amounting to $117.60. The basis of the objection is that the burden of supporting paupers rests, not upon the county, but upon the several towns or townships into which the county is divided.

The county of Effingham is under township organization and has less than 500,000 inhabitants. Section 15 of the act to revise the law in relation to paupers, as amended

by the act approved June 29, 1931 (Cahill's Stat. 1933, p. 2120; Smith's Stat. 1933, p. 2128) provides: "In counties having a population of less than 500,000 inhabitants which are under township organization, the various towns shall relieve and support all poor and indigent persons lawfully resident within their respective territories, except as herein otherwise provided." The thirty-third section of the same act, as amended by the act approved June 29, 1931, provides that when any county shall have a poor-house, "all the poor persons requiring the care and support of the county, or the township, as the case may be, may be cared for and supported at such poor-house, except when they cannot be received in the poor-house, and except as herein otherwise provided." By these sections as amended, the legislature imposed upon the towns in the counties which qualify in population and organization, subject to the primary obligation of relatives, the duty to relieve and support all poor and indigent persons lawfully resident within the respective towns, and made available the existing county poor-house for the care and support of such paupers. Their transfer to the county institution, however, does not relieve a town or township of the obligation to pay for their support. (*People* v. *Peoria and Eastern Railway Co.* 354 Ill. 30; *People* v. *Alton Railroad Co.* 352 id. 297; *People* v. *Franklin,* 352 id. 528). The obligation continues notwithstanding the poor and indigent who are the charges of a town are afforded support and shelter by the county. The imposition of the burden upon towns is within the legislative power. *People* v. *Peoria and Eastern Railway Co. supra; People* v. *Camargo School District,* 313 Ill. 321; *People* v. *Bartlett,* 304 id. 283; *Marion County* v. *Lear,* 108 id. 343; *Board of Supervisors* v. *City of Springfield,* 63 id. 66; *People* v. *Power,* 25 id. 169.

Since counties under township organization having a population of less than 500,000 have been relieved of the obligation to support the poor and indigent persons law-

fully resident within their respective towns, there is no authority for the levy of a tax by a county for the support of such paupers. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 353 Ill. 518). The purpose for which a tax is levied must be disclosed by the terms and provisions of the levy, and an undisclosed purpose to apply the proceeds of the tax to a lawful object is of no avail. The tax-payer's right to have separately stated the purpose for which public money is appropriated or a tax is levied is a substantial right of which he may not be deprived. (*Siegel* v. *City of Belleville*, 349 Ill. 240, 246; *People* v. *Missouri Pacific Railroad Co.* 332 id. 53, 62; *People* v. *Bowman*, 253 id. 234, 241, 242). A tax levy ordered by the board of supervisors of a county under township organization for the support of the poor of the county may not provide for the relief of paupers who are town charges exclusively. To the extent that such provision is included, the levy is unauthorized, and since the invalid portion of the levy cannot be separated from the remainder, the whole is void. (*People* v. *Burt*, 267 Ill. 640; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 256 id. 432). The levy in the case at bar, "For support of county poor," is of such a character. It may have been made partially, if not wholly, for the benefit of paupers with respect to whose care and support the county has neither legal duty nor obligation. Owing to this infirmity, the appellant's objection should have been sustained.

The judgment of the county court is reversed and the cause is remanded to that court, with directions to sustain the objection. *Reversed and remanded, with directions.*

Mr. JUSTICE FARTHING, specially concurring:

I can only concur specially in this decision. Its plain effect, which should be freely stated, is to overrule the decision in *People* v. *Peoria and Eastern Railway Co.* 354 Ill. 30. In that case, at page 32, it is said: "Since the

amendment [to sections 15 and 33 of the Pauper act] such care and support, with the same exceptions, may be given not only to all persons requiring the care and support of the county but also of the township." The reference to support of poor persons by counties, in section 33 as amended in 1931, was distinctly to counties not under township organization, not involved in that case and not involved here, and covered by section 14 instead of the wholly distinct and separate section 15. To overrule an objection in that case to a $30,000 levy for maintenance of an institution in a county the size of Champaign county, and to sustain an objection here to a levy of $4000 for "support of county poor," is "straining at a gnat and swallowing a camel." A great part of the $30,000 levy in the *Peoria and Eastern case* could only be used for the support of paupers.