This is an appeal from the county court of Bureau county, which overruled objections of the appellant to taxes extended against its properties under the levy for county purposes for the year 1933.
The first objection is that the levy was not made on or before December 1, pursuant to section 135 of the Revenue act; and second, that a general deduction of $54,000 from the entire levy, made by amendment, rendered the remaining levy so uncertain as to be void. Objection was also made and overruled to the tax levied for school district 99, on the ground that it was not made until after the first Tuesday in August, 1933.
The county tax levy resolution, which was adopted on December 13, 1933, at an adjournment of the regular September meeting, contained statements of many separate items and the separate amounts required for each, in the aggregate sum of $166,000 for general county purposes. Included therein was an item, "Mileage and per diem, $3000," objection to which was sustained in the trial court. Included also were items of salary for "county clerk, $2000," "circuit clerk, $1800," "sheriff, $2000," "county treasurer, $2000," and expenses "county clerk's office, $4000," "circuit clerk's office, $2000," "sheriff's office, $4000," and "county treasurer's office, $2000." At the end of the statement of items after the total figure of $166,000 there appeared a deduction of $54,572.67 from that total for "estimated earnings of county officers," leaving a levy of $111,427.33 for general county purposes.
The amendment to the levy adopted on December 22, after reciting that under the constitution of Illinois salaries of the county clerk, circuit clerk, sheriff and treasurer must be paid from fees earned by those officers, merely directed the clerk not to extend the sum $7800, the total of those salaries, as items "unlawfully included in the tax levy." That was the only change effected by the resolution *Page 435 
of December 22. No corresponding reduction was made by the amendment in the sum of $54,572.67, "estimated earnings of county officers," deducted from the total sum of $166,000, not stated to be the amount of taxes to be raised but stated to be needed for all county purposes. The December 22 resolution did not eliminate or mention the expenses of the offices of the county clerk, circuit clerk, sheriff and treasurer included in the original levy, which appellant contends, under the constitution, are objectionable, as being payable only out of the earnings of the offices and not from taxes.
For the purpose of showing that the tax books could not be completed by the county clerk and turned over to the county collector on or before December 1 the collector introduced in evidence five exhibits, all of which were dated and filed in the office of the county clerk after the first of January, 1934. Included among them were the following: Certificate of State Auditor dated January 11, 1934, as to the amount needed to pay interest and principal on drainage district bonds; the State Tax Commission's certificate of railroad valuations, filed January 19, 1934; certificate of Auditor of the amount necessary to pay interest and principal on bonds for school district 94, filed January 29, 1934; the State Tax Commission's certificate of valuation of capital stock of corporations other than railroads, filed February 17, 1934, and notice from the Auditor of Public Accounts to the county clerk, dated March 12, 1934, showing the filing in the Auditor's office of bond of John L. Applen, county collecter, filed in the county clerk's office March 13, 1934.
All objections were ordered filed by September 18, and hearing on objections was set for the same day. Hearing was continued to the 19th. On the 19th, at 10:00 o'clock, hearing was continued until 1:30 to permit preparation and filing of written stipulation of facts, which stipulation was filed on the same afternoon. *Page 436 
On the afternoon of the 19th it was agreed that as an accommodation to one of the attorneys the objection to the levy for district 99 would be considered first. The stipulation as to that district was presented to the court and argument followed, neither party offering any evidence except the stipulation. Thereafter, without any formal motion or statement as to what would be proved, appellant's counsel sought permission of the court to permit the hearing as to district 99 to go over to the next morning, for the purpose of getting the clerk of the school board in court with his records to show the facts as to the meeting of the board at which the tax levy was passed. The court denied that permission, and, instead of waiting until the end of the hearing on all objections, at once announced his decision overruling objections to the tax for that school district.
Section 121 of the Revenue act makes it the duty of the county board to determine annually the amount of all county taxes to be raised for all purposes, and, when for several purposes, to determine the amount for each purpose and state it separately. This requirement of the statute is mandatory, and a material or substantial failure to comply with it invalidates the tax. People v. Baltimore and Ohio Southwestern Railroad Co.356 Ill. 272; People v. Chicago and Eastern Illinois RailwayCo. 326 id. 354; People v. Wabash Railway Co. 314 id. 388;People v. Chicago and Eastern Illinois Railway Co. 300 id. 251.
To sustain the levy for general county purposes the county collector relies upon Chicago, Peoria and St. Louis Railway Co.
v. People, 225 Ill. 463. The facts in that case were similar to those in this one, but with the very important difference that no part of the original levy was either abandoned or held illegal. It was held in that case that although it would be better practice to include an itemized list in the tax levy ordinance, the tax then in question would not be invalidated, as the amount levied for each *Page 437 
purpose might be found by a simple mathematical computation. It was said: "The amount of levy for a given purpose, say for the waterworks, will bear the same proportion to the amount appropriated for waterworks as the whole amount levied does to the whole amount appropriated, and the same would be true of every item on the list of appropriations." The value of this case as a precedent has been considerably impaired by our later decisions, such as People v. Cairo, Vincennes and ChicagoRailway Co. 266 Ill. 557, People v. New York, Chicago and. St.Louis Railroad Co. 352 id. 603, and others, holding that the taxpayer has a right to know from the certificate the amounts levied without making computations. However, there is enough difference between the case relied upon and the facts in this one to make it unnecessary to determine the exact weight to be given to the authority cited.
In the case before us it cannot be said that the board determined the amount required for each separate purpose, and it is further apparent that neither of these amounts can be determined by mathematical calculations. Neither can it be said that these amounts were separately stated. The amendatory resolution of December 22 did not mention the items previously included for expenses of the county offices, which it is admitted by the parties on both sides were attempted to be levied in violation of section 10 of article 10 of the constitution. It neither did nor could mention the item of $3000 levied for mileage and per diem, which was later held illegal by the county court and which ruling is not questioned. If it is attempted to apply the rule mentioned in the case relied upon — i. e., to consider the amount of the levy for any given purpose as bearing the same proportion to the amount appropriated therefor as the whole amount levied does to the whole amount appropriated — it is possible to arrive at several different answers for any specific item if mathematical calculations are attempted. If the deductions provided by the resolution of *Page 438 
December 22 are considered as deductions from the gross amount previously levied one answer will be obtained; if from the net amount previously levied an entirely different figure will be arrived at, and if the illegal item for mileage and per diem and those for expenses of county offices are eliminated at least two other amounts can be found by computation. None of these amounts, no matter what method of computation is used, will be the same as the amount found and stated in the original resolution as being the sum required for that particular purpose. As applied to this case, the rule of computation would fail entirely to give the tax-payer the information to which he is entitled. The statute expressly makes it the duty of the county board to determine and state these various amounts, and its failure to do so involves a matter of substantial justice — not a mere irregularity which might be cured by the application of section 191 of the Revenue act.
Appellant urges that the county tax levy could neither be adopted on December 13 nor amended on December 22 notwithstanding the amendment to section 121 of the Revenue act, which was adopted with an emergency clause on October 26, 1933. (Laws of 1933-34, (1st, 2d and 3d Special Sess.) p. 36.) It was provided by that amendment that in counties of less than 500,000 inhabitants, in the year 1933, the county board might amend, revise or adopt its tax levy for that year at any recessed or adjourned session of its September meeting or at any regular meeting or special meeting called for that purpose. Appellant argues that to construe this emergency act so as to uphold the power of the county board to pass the levy, and later an amendment to it, as was done in this case, would, in effect, amount to a repeal or amendment, by implication, of section 135 of the Revenue act. This act requires the county clerks, on or before December 1 of each year, or as soon thereafter as the collectors are duly qualified, to deliver the tax books to such collectors. Appellant *Page 439 
cites many cases and presents much argument to the effect that repeals by implication are not favored, with which proposition we may in general agree. However, we can not give the argument the weight attached to it by appellant. Whether or not it be considered an amendment by implication, we think it clear that the emergency act referred to was intended by the legislature to permit county boards to do exactly as provided in the act, "amend, revise or adopt its tax levy," in the year 1933, "at any recessed or adjourned session of its September meeting, or at any regular meeting, or special meeting called for that purpose."
In our opinion the county court did not err in overruling the objections to the taxes for school district 99. The parties voluntarily went to trial upon a stipulation of facts, appellant apparently being satisfied with the record. No formal motion for a continuance was made nor any affidavit filed setting forth what counsel expected to prove if permitted to bring in the clerk of the school board with his records. So far as the record shows, counsel was advised of all of the material facts bearing upon the situation before the trial was even started, and it does not appear that anything occurred upon the trial to cause surprise or in any way take him unawares. Tax proceedings are, and of necessity must be, handled expeditiously and with dispatch. The ruling of the trial court on this point was within its discretion and we will not disturb it.
It is our conclusion that the tax for county highway purposes was valid and should be sustained; that the tax for general county purposes was invalid for uncertainty, as herein pointed out, and that objections to it should be sustained, and that the objections to the taxes for school district 99 were properly overruled.
The judgment of the county court of Bureau county will be reversed as to the tax for general county purposes and in all other respects it is affirmed.
Affirmed in part and reversed in part. *Page 440