(Nos. 23778-83 incl., 23791, 23792, 23799.—

THE PEOPLE *ex rel.* F. W. Ward, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *et al.* Appellants.

*Opinion filed December 16, 1936—Rehearing denied Feb. 4, 1937.*

ACTON, ACTON & BALDWIN, K. L. RICHMOND, GUNN, PENWELL & LINDLEY, H. N. QUIGLEY, S. W. BAXTER, L. H. STRASSER, C. A. HELSELL, R. C. BECKETT, MEEKS & LOWENSTEIN, S. C. MURRAY, W. J. STEVENSON, WALTER V. DYSERT, and POPE & DRIEMEYER, (W. M. ACTON, E. C. CRAIG, and V. W. FOSTER, of counsel,) for appellants.

OLIVER D. MANN, State's Attorney, and THOMAS C. STIFLER, (G. F. REARICK, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of court:

The appellant railroad companies filed separate objections to the county tax of Vermilion county levied for the year 1934. The issues made were tried in the county court of that county. The court overruled the objections and entered judgment for the full amount of the tax. Each railroad company perfected its separate appeal to this court. The cases have been here consolidated and heard as one cause.

There is no dispute as to the facts. The board of supervisors at an adjourned meeting of the September, 1934, session, held on December 12, 1934, levied the county tax for Vermilion county. No proceedings were thereafter had relative to this levy or a re-levy of such tax. On the basis of the levy the county clerk extended the tax rate at thirty-four cents on each $100 assessed valuation. Six cents of the thirty-four cent levy was for the payment of bonds theretofore issued in 1922 and interest accruing. It is now admitted that the six cent rate was legally levied by appropriate proceedings in 1922. The controversy is therefore narrowed to the legality of the twenty-eight cent levy as part of the thirty-four cent rate.

The jurisdiction of the county board to levy the county tax subsequent to December 1, 1934, is decided adversely to the claim of the People in *People* v. *Chicago, Milwau-*

*kee, St. Paul and Pacific Railroad Co.* 354 Ill. 630, 639. The People urge that the decision in that case is not in accordance with the law and should be reconsidered and overruled. Because of the public interest in the subject matter of this litigation we have again gone into the matter of the jurisdiction of a county board to levy a county tax subsequent to December 1, 1934, before the amendment of July 1, 1935, of section 135 of the Revenue act. Laws of 1935, p. 1173.

Specific statutory provision is made for the holding of an annual meeting of the board of supervisors on the second Tuesday of September. (Cahill's Stat. 1933, chap. 34, sec. 49, p. 845; Smith-Hurd Stat. 1933, p. 849.) The amount of county tax to be raised shall be determined at this session. (Cahill's Stat. 1933, chap. 120, sec. 121, p. 2320; Smith-Hurd Stat. 1933, p. 2368.) The term "session," as used in the act, is synonymous with "meeting." (*United States* v. *Dietrich*, 126 Fed. 659.) Section 135 of the Revenue act (Cahill's Stat. 1933, p. 2322; Smith-Hurd Stat. 1933, p. 2371;) as in force in 1934, provided that "the respective county clerks shall, on or before the first day of December, annually, or as soon thereafter as the collectors are duly qualified, deliver to them the books for the collection of taxes," etc. The decision of the controversy rests upon whether the county board had power to levy the county tax after December 1.

It is always proper to consider the course of legislation upon a particular statute in arriving at the legislative intent. (*People* v. *Day*, 321 Ill. 552; *Chicago, Burlington and Quincy Railroad Co.* v. *Doyle*, 258 id. 624.) The General Assembly adopted an act with an emergency clause, which became effective October 26, 1933, by which it provided, among other matters, that counties having a population of less than 500,000 might in the year 1933, at any recessed or adjourned session of its September meeting or at any regular or special meeting called for that purpose,

amend, revise or adopt its tax levy for that year. The emergency clause is to the effect that county boards shall have the power to amend or adopt their 1933 tax levies in accordance with the provisions of the act, "because the tax levying powers of such county boards for such year without the provisions of this amendatory act are vague and uncertain," etc. (First, Second and Third Special Sess. Laws of 1933-34, p. 36.) Under the provisions of this amendment, levies for the year 1933 made subsequent to December 1, 1933, have been upheld. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 360 Ill. 433; *People* v. *New York Central Railroad Co.* 360 id. 569.) It is significant that this right to make a levy for a county tax subsequent to the September meeting of the county board, and without limiting the power to some day on or prior to December 1, by the statute last cited, was expressly limited to the year 1933 and was in force prior to the first day of December.

Without passing upon the validity of the statute next mentioned, we call attention to an enabling act approved January 17, 1935, by which the legislature purported to grant authority to county boards which had omitted to determine the county tax for 1934 or which had made such determination and levy after December 1, 1934, or had improperly made such determination and levy, to make such determination or to re-levy the tax either at a special meeting called for such purpose or at an adjourned September meeting for 1934, providing that such determination and levy or re-levy must be made not later than February 10, 1935, and before the delivery of the books to the tax collector. (House Bill No. 5, Laws of 1935, p. 685.) Section 2, being the emergency clause of the act, states that several counties in the State had failed to make a levy for the county tax for the year 1934 "within the time permitted by law." Another enabling act was approved the same day. (House Bill No. 4, Laws of 1935, p. 685.) It provides that "where the county board of any county heretofore, at

its September session of the year 1934, has omitted or neglected to determine the amounts of all taxes to be raised for county purposes for the year 1934, until after the first day of December, 1934, such determination and levy made after the first day of December, 1934, is hereby declared legal and valid; provided, that such determination and levy is made prior to the delivery of the books to the collectors."

Upon a review of the three pieces of legislation first *supra* and the two subsequent enabling acts *supra,* it is obvious that the legislature intended, as the statute existed prior to the amendment of 1935, *supra,* to create a tax year extending from December 1 to December 1, within which, subject to other statutory regulations, the county tax must be levied. It was the legislative edict that the county tax could not be determined and levied on a day not within the tax year.

The People contend that even if it be decided that the tax should be levied on or before the first day of December, such provision is not mandatory but directory, only. It requires no citation of authorities to sustain the statement that the power to tax is one laden with grave responsibilities and the exercise of such power should be strictly construed. Where the statute fixes a period within which or a day on which the tax is to be levied, time is of the essence of the power to levy and the command of the statute in that respect is mandatory. (*People* v. *Chicago and Eastern Illinois Railway Co.* 361 Ill. 470; *People* v. *Barnett,* 360 id. 67; *People* v. *New York Central Railroad Co.* 356 id. 67; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 id. 499.) It follows from what we have said that the county board was without authority on December 12 to levy the tax in question. We adhere to our holding in *People* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co. supra.* We do not hold, however, that the delivery of the tax books to the collector on or before December 1 was mandatory.

Lastly, the People rely upon the two enabling acts *supra* as validating the tax levy under consideration. The county board did not attempt to come within the purview of the first mentioned act by re-levying the tax, so it becomes unnecessary to pass upon the validity of that statute. The objectors insist that the other enabling act is invalid. The People rely upon the case of *People* v. *Illinois Central Railroad Co.* 301 Ill. 288, as authority sustaining the validating act. That case dealt with the validity of school taxes where the certificates levying the amount of taxes to be raised in the several districts were not returned to the county clerk on or before the second Monday in August. It does not appear from the opinion that the levy was not actually made on or prior to the first Tuesday in August, as required by law. That distinction is pointed out in the later case of *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 508.

Many so-called curative or enabling acts have been before this court for review. From a resume of the decisions upon this subject the rule emerges that the legislature may by statute validate the irregular or defective exercise of a power where the power already existed and the proceeding sought to be cured was not one of the fundamentals of the power exercised. However, the General Assembly cannot give validity to the exercise of a power where such assumed power did not exist at the time it was purported to have been exercised. The power to levy a tax by an administrative body is jurisdictional. Jurisdiction to act cannot be conferred by subsequent legislative acts where the assumed power to act was lacking at the time the purported proceeding was had. The attempt of the legislature to validate the tax levies made by county boards after December 1, 1934, is violative of section 10 of article 9 of the constitution as a legislative attempt to impose a tax for corporate purposes. (*People* v. *Chicago and Eastern Illinois Rail-*

208

*way Co.* 343 Ill. 101; *People* v. *Public Service Co.* 328 id. 440; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 id. 499; *People* v. *Eastern Illinois and St. Louis Railway Co.* 312 id. 134; *People* v. *Illinois Central Railroad Co.* 310 id. 212.) Resurrection day did not come to the proceedings of December 12, 1934, had by the county board on that day, by virtue of the enabling act (House Bill No. 4, *supra,*) and breathe new life into that record. The curative act last mentioned is void.

The county court of Vermilion county was in error in overruling the objections to twenty-eight cents on each $100 assessed valuation against the objectors' property.

The judgments are severally reversed and the causes remanded, with directions to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*